IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

JERRY ALI AZIZ AL-SHARIF,          *
                                    *
        Plaintiff,                  *
                                    *
        v.                          *      CV 107-050
                                    *
DENISE BRADLEY, et al.,             *
                                    *
        Defendants.                 *

_____

O R D E R
_____

The captioned case is presently before the Court on Defendants' "Motion to Dismiss Amended Civil Complaint" (doc. no. 27) and Plaintiff's "Motion That United States Attorney's Office Be Dismiss[ed] as Legal Counsel for All Defendants" (doc. no. 35). Plaintiff's motion to dismiss Defendant's legal counsel is wholly without merit and is therefore **DENIED**. Further, for the reasons set forth below, the government's motion to dismiss is **GRANTED**.

## I. BACKGROUND

*Pro se* Plaintiff filed his original complaint on April 2, 2007, naming the United States of America as the sole defendant. (*See* Compl.) Plaintiff sought an order directing the government to correct his Internal Revenue Service ("IRS")

records and to refund him $21,317.82 in income taxes he allegedly paid from 2001 to 2005. (Id. at 7-8.) Plaintiff also sought damages for purported violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, injunctive relief to prevent "retaliatory responses" by government employees, and costs. (Id. at 8.)

Plaintiff filed his amended complaint on May 30, 2007. Liberally construing Plaintiff's amended complaint, the Court finds the following.[1] The amended complaint does not name the government as a defendant but instead seeks relief against eight (8) IRS employees in their "individual and personal capacities." (Am. Compl. at 2-3.) Plaintiff states that prior to April 17, 2000, Defendants served his former bank with an "informal request" to have all funds in his accounts turned over to them. (Id. at 3-4.) However, Plaintiff states that no formal "Notice of Levy of Wages and Income" was served upon the bank, no due process hearing was afforded, and no "Notice of Levy of Wages and Income" was ordered by "a Lawful Tribunal." (Id. at 4.)

Further, Plaintiff states that on or about April 17, 2005, he submitted his 2001 through 2005 tax returns to Defendants and requested a refund of $21,317.87. Plaintiff

---

[1] Pleadings drafted by *pro se* litigants must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*).

2

asserts that he was entitled to this sum because no 2001 through 2005 income taxes had been "assessed" against him and no "[i]ncome [t]axes existed on the rol[l]s of these Defendants before [they] invoke[d] a Levy of Wages and Income." (Id.)

Plaintiff states that he attempted to resolve the issues set forth in his amended complaint through the administrative remedy process afforded under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq., but Defendants denied his claims. (Id.) Plaintiff contends that Defendants' actions violated: (1) his right to due process; (2) his Fourth, Fifth, and Fourteenth Amendment rights; (3) the Paperwork Reduction Act, 44 U.S.C. § 3501, et seq., and "its Public Protection Clause and Privacy Act laws"; (4) his civil rights afforded under 42 U.S.C. § 1983; and (5) 28 U.S.C. § 7433. (Id. at 5-6.) Plaintiff seeks "ONE MILLIONS (sic) DOLLARS" compensatory damages, a million dollars punitive damages, and an injunction to prevent Defendants from harassing him in the future. (Id. at 6.)

## II. DISCUSSION

Inter alia, Defendants assert that the Court lacks subject matter jurisdiction over Plaintiff's claims and that Plaintiff fails to state a claim upon which relief may be

granted. Attacks on subject matter jurisdiction come in two forms.

> "Facial attacks" on the complaint "require[] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." . . . "Factual attacks," on the other hand, challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered."

Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990) (quoting Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980)). Defendants challenge both the facial and factual sufficiency of the jurisdictional allegations in Plaintiff's amended complaint.

## A. Constitutional Claims

As set forth above, Plaintiff is asserting claims against IRS employees in their "individual and personal capacities" for alleged violations of his constitutional rights. (Am. Compl. at 2-3.) Thus, because Plaintiff is bringing constitutional claims for monetary damages and injunctive relief against federal officials, he must rely upon the cause of action created in Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Bivens is similar to 42 U.S.C. § 1983, but it applies only to constitutional claims against the federal government and its employees.

Courts are reluctant to extend the scope of Bivens actions. See Schweiker v. Chilicky, 487 U.S. 412, 420-23 (1988) (discussing principles of and restrictions on Bivens actions). The Supreme Court has stated:

> When the design of a Government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration, we have not created additional Bivens remedies.

Id. at 423. In this regard, "constitutional tort remedies are not available against IRS agents because such claims would interfere with the effective functioning of the specific statutory remedies provided for actions against the agency." Christensen v. Ward, 916 F.2d 1462, 1476 (10th Cir. 1990). The statutory remedies provided within the Internal Revenue Code are wide-ranging[2] and the majority of the Circuit Courts

---

[2] For example, aggrieved taxpayers may: sue for a refund of taxes, 8 U.S.C. §§ 1346(a)(1), 7422; challenge a deficiency in the United States Tax Court, 26 U.S.C. § 6213; receive notice and an opportunity for an administrative hearing prior to the filing of a notice of federal tax lien, 26 U.S.C. § 6320; contest the validity of liens, 28 U.S.C. § 2410; receive notice and the opportunity for a hearing before a levy is made, 26 U.S.C. § 6330; obtain injunctions in certain circumstances, 26 U.S.C. § 7421; collect damages for the wrongful disclosure of a return or return information, 26 U.S.C. § 7431; have a lien released within thirty (30) days after the liability is satisfied or becomes legally unenforceable, 26 U.S.C. § 6325; have a levy released under similar circumstances, 26 U.S.C. § 6343; stay a jeopardy assessment by posting a bond, 26 U.S.C. §§ 6861, 6863; obtain expedited administrative and judicial review of a jeopardy assessment, levy, or termination assessment, 26 U.S.C. § 7429; collect damages for the wrongful failure to release a tax lien, 26 U.S.C. § 7432; recover damages for the unauthorized enticement of disclosure of taxpayer information, 26 U.S.C. § 7435; collect damages against the government for wrongful collection activity, 26 U.S.C. § 7433; and recover attorneys fees, 26 U.S.C. § 7430. See Christopher M. Pietruszkiewicz, A Constitutional Cause of Action and the Internal Revenue Code: Can You Shoot (Sue) the Messenger?, 54 Syracuse L. Rev. 1, 6-7 (2004).

which have addressed the issue have held that these remedies are the exclusive avenue for challenging tax collection and assessment practices. See Shreiber v. Mastrogiovanni, 214 F.3d 148, 155 (3d Cir. 2000); Judicial Watch, Inc., v. Rossotti, 317 F.3d 401, 410-11 (4th Cir. 2003); Fishburn v. Brown, 125 F.3d 979, 982 (6th Cir. 1997); Vennes v. An Unknown Number of Unidentified Agents, 26 F.3d 1448, 1454 (8th Cir. 1994).[3]

The Court agrees with those courts which have held that relief against an IRS employee pursuant to Bivens is foreclosed based upon the meaningful and adequate statutory remedies provided by Congress. As such, Plaintiff's claims against Defendants for monetary damages and injunctive relief based upon alleged constitutional violations are **DISMISSED**.

## B. 26 U.S.C. § 7433 Claims

One statutory remedy for unauthorized collection action is 26 U.S.C. § 7433. Plaintiff asserts that he is entitled to relief pursuant to § 7433. Section 7433 provides:

---

[3] See also Caton v. Hutson, CV 207-032, 2007 WL 4731010, *5 (M.D. Fla. 2007) ("Plaintiff cannot state a claim against the individual defendants because Congress has specifically provided an exclusive statutory remedy against the United States for wrongful tax assessment or collection efforts by Internal Revenue Service employees.") (citing Parham v. Lamar, 1 F. Supp. 2d 1457, 1460 (M.D. Fla. 1998)); Hatley v. Dep't of Treasury, 876 F. Supp. 1262, 1265 (S.D. Ala. 1995) (observing that Congress "has devoted a myriad of sections of the United States Code to taxpayers' concerns about their assessments" and concluding that it would be "counter-productive to fashion a remedy for every wrong not specifically righted by the statutes already provided").

> (a) In general.--If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.
>
> . . .
>
> (d) Limitations.--
>
> > (1) Requirement that administrative remedies be exhausted.--A judgment for damages shall not be awarded under subsection (b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.

Plaintiff's amended complaint does not allege that he exhausted his administrative remedies under § 7433. Further, Plaintiff's allegation that he exhausted his administrative remedies under the FTCA is insufficient. In fact, as the government notes, the FTCA expressly states that it does not apply to "any claim arising in respect of the assessment or collection of any tax." 28 U.S.C. § 2680(c).

Section 7433's exhaustion provision is jurisdictional, <u>Conforte v. United States</u>, 979 F.2d 1375, 1377 (9th Cir. 1992); <u>Information Resources v. United States</u>, 950 F.2d 1122, 1125-27 (5th Cir. 1992), and claims for which administrative remedies have not been exhausted must be dismissed.

7

Additionally, because "an action to enforce liability created under [§ 7433] may be brought . . . only within 2 years after the date the right of action accrues," 26 U.S.C. § 7433(d)(3), it appears that Plaintiff's claim regarding a levy which occurred "prior to April 17, 2000" would also be barred by the applicable statute of limitations. In sum, Plaintiff's claims pursuant to § 7433 are **DISMISSED**.

**C. Refund Claim**

Plaintiff asserts that he is entitled to a refund of the $21,317.87 he allegedly paid in taxes from 2001 through 2005. Pursuant to 28 U.S.C. § 1346(a)(1), district courts have jurisdiction over any "civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed." However, "[t]wo prerequisites must be met before a district court has subject matter jurisdiction under § 1346(a)(1)." Mires v. United States, 466 F.3d 1208, 1211 (10th Cir. 2006). A plaintiff must (1) fully pay the challenged tax assessment and (2) file a valid refund claim with the IRS. Id. (citing 26 U.S.C. §§ 6532(a)(1), 7422(a); Flora v. United States, 357 U.S. 63, 75-76 (1958)).

In this case, Plaintiff has not fully paid his tax liabilities for the years in question. (See Defs.' Mot. to Dismiss, Ex. 1.) Accordingly, Plaintiff's refund claim is

**DISMISSED.**[4]  See Wachovia Bank, N.A. v. United States, 455 F.3d 1261, 1264 (11th Cir. 2006) ("If the requirements of § 7422(a) are not met, a court has no subject matter jurisdiction to hear the claim for refund.").

### D. 42 U.S.C. § 1983, Paperwork Reduction Act, and Injunctive Relief Claims

Plaintiff's remaining claims are also subject to dismissal. To obtain relief under § 1983 a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state, as opposed to federal, law. See Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001). Additionally, the Paperwork Reduction Act does not provide a private right of action, and Plaintiff cannot proceed based upon perceived violations of its provisions. Sutton v. Providence St. Joseph Med. Ctr., 192 F.3d 826, 844 (9th Cir. 1999); Springer v. I.R.S., 231 Fed. Appx. 793, 800 (10th Cir. 2007). Finally, as to Plaintiff's claims for injunctive relief, the Anti-Injunction Act, 26 U.S.C. § 7421(a), bars redress with respect to the administration of the tax laws. Id. ("[N]o suit for the purpose of restraining the assessment or collection of any tax

---

[4] Furthermore, Plaintiff's contention that he is entitled to a refund for all taxes withheld from 2001 to 2005 because those taxes were never "assessed" is meritless. See, e.g., Williams-Russell & Johnson, Inc. v. United States, 371 F.3d 1350, 1352-53 (11th Cir. 2004) ("[A]n untimely assessment of taxes otherwise properly owed and paid within the statutory period for assessment and collection does not create an 'overpayment' entitling the 'late-assessed' taxpayer to a refund.").

shall be maintained in any court by any person . . . ."). As such Plaintiff's claims under 42 U.S.C. § 1983 and the Paperwork Reduction Act, as well as his request for injunctive relief, are **DISMISSED**.

### III. CONCLUSION

Upon the foregoing, the government's motion to dismiss is **GRANTED** (doc. no. 27) because subject matter jurisdiction is presently lacking and Plaintiff has failed to state a claim upon which relief may be granted.[5] The Clerk is **DIRECTED** to close this case.

**ORDER ENTERED** at Augusta, Georgia, this ___12th___ day of February, 2008.

_____
UNITED STATES DISTRICT JUDGE

---

[5]The Court's conclusion in this regard pretermits consideration of Defendants' remaining arguments under Fed. R. Civ. P. 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6).